# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| GERALD BURK, individually and as attorney-in-fact for wife, and PATRICIA CORRIGAN-BURK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:15-cv-00191-JTM-SLC |
| TRADING PLACE, LLC, d/b/a Farmstead Inn, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This case was filed by Plaintiffs in the district court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The complaint alleges that Plaintiff Gerald Burk is a "resident" of Illinois and that Defendant Trading Place, LLC, "is an Indiana Limited Liability Company and none of its members are residents of Illinois." (DE 1 ¶¶ 4, 6). The complaint is silent as to Plaintiff Patricia Corrigan-Burk's citizenship.

Plaintiffs' complaint is inadequate with respect to diversity jurisdiction. First, it fails to allege Patricia Corrigan-Burk's citizenship. Second, as to Gerald Burk, "residency" of a plaintiff is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

U.S.C. § 1332). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (alteration in original) (quoting *Guar. Nat'l Title Co.*, 101 F.3d at 58); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised of both Plaintiffs' citizenship, not residency.

As to Defendant Trading Place, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity of each member of Defendant Trading Place, LLC, and such member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co.*, 101 F.3d at 59 (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

For this reason, Plaintiffs are afforded up to and including August 12, 2015, to file an

amended complaint that properly articulates the citizenship of each party.

SO ORDERED.

Enter for this 28th day of July 2015.

S/ Susan Collins
Susan Collins
United States Magistrate Judge